IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| ORVILLE SCHUSTER and WILLIAM SCHLICHTE, | ) ) ) | NO. C-04-4089 MWB |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ANSWER OF CAL CLEVERINGA |
| FAY ANDERSON, F.H. ANDERSON COMPANY, P.C., F.H. ANDERSON COMPANY, CAL CLEVERINGA, and AMERICAN STATE BANK, | ) ) ) ) ) | TO PLAINTIFFS' THIRD AMENDED AND SUBSTITUTED COMPLAINT |
| Defendants. | ) ) | |

## JURISDICTION

1.    It is admitted that at this stage of the litigation there is federal jurisdiction.  The remainder of the paragraph is denied.

## VENUE

2.    It is admitted at this stage in the litigation venue is proper.

## PARTIES

3.    Paragraph 3 is admitted.

4.    Paragraph 4 is admitted.

5.    Paragraph 5 is admitted.

6.    Paragraph 6 is admitted.

7.    Paragraph 7 is denied for lack of knowledge and information.

8.    Paragraph 8 is denied for lack of knowledge and information.

9.    Paragraph 9 is denied for lack of knowledge and information.

10.    It is admitted that Cal Cleveringa is an individual and a resident of Sioux Center, Sioux County, Iowa.  It is further admitted that he was employed as a vice

president of Defendant American State Bank which provided commercial and consumer loan services.  Mr. Cleveringa was an employee of American State Bank until April 2004.  The remainder of the paragraph is denied.

11.    Paragraph 11 is denied.  It is admitted that Cal Cleveringa was considered an "exempt" employee under the Fair Labor Standards Act and that he could exercise discretion and independent judgment under the limitations placed upon him by the bank.  He was employed as a loan officer.  The remainder of the paragraph is denied.

12.    Paragraph 12 is denied.  It is admitted, however, that ASB is an Iowa corporation with its principal place of business in Sioux Center, Sioux County, Iowa and at all relevant times, ASB held itself out to the public as providing, *inter alia*, commercial and consumer loan services.  ASB has a separate Investment and Trust Department.

## RELATIONSHIPS

## ANDERSON AND PLAINTIFFS

13.    Paragraph 13 is denied for lack of knowledge and information.  It is admitted that Anderson did serve for some time as Schuster's accountant on both an individual basis and also for Schuster related businesses.

14.    Paragraph 14 is denied for lack of knowledge and information.

15.    Paragraph 15 is denied for lack of knowledge and information.

16.    Paragraph 16 is denied for lack of knowledge and information.

17.    Paragraph 17 is denied for lack of knowledge and information.

18.    Paragraph 18 is denied for lack of knowledge and information.

19.    Paragraph 19 is denied for lack of knowledge and information.

## CLEVERINGA AND PLAINTIFFS

20.    Paragraph 20 is denied.

21.    Paragraph 21 is denied.  Cal Cleveringa was employed at American State Bank as Vice President until 2004 and performed confidential consumer loan services.

22.    Paragraph 22 is denied.

23.    Paragraph 23 is denied.

24.    Paragraph 24 is denied.

25.    Paragraph 25 is denied.

26.    Paragraph 26 is denied.

27.    Paragraph 27 is denied.

## PLAINTIFFS AND ASB

28.    Paragraph 28 is denied.  Schuster did borrow money in November 2000 from ASB and subsequently borrowed other funds from ASB.

29.    Paragraph 29 is denied.  ASB admits that Plaintiff Schlichte banked with ASB.

30.    Paragraph 30 is denied.  ASB admits that Plaintiff Schuster borrowed money from ASB starting in November 2000.

31.    Paragraph 31 is denied for lack of knowledge and information.

32.    Paragraph 32 is admitted.

33.    It is admitted that ASB held itself out to the public in general and that it provided personal commercial and consumer loan services for its customers through its Vice President Cal Cleveringa.  The remainder of the paragraph is denied.

34.    Paragraph 34 is denied.

35.    Paragraph 35 is denied.

36.    Paragraph 36 is denied.

37.    Paragraph 37 is denied.

## YOURNET RELATED ENTITIES

38.    Paragraph 38 is denied.

39.    Paragraph 39 is denied.

40.    Paragraph 40 is denied.

41.    Paragraph 41 is denied for lack of knowledge and information.

42.    Paragraph 42 is admitted.

43.    Paragraph 43 is denied.

44.    Paragraph 44 is denied.

45.    Paragraph 45 is denied.

46.    Paragraph 46 is denied.

47.    Paragraph 47 is denied.

48.    Paragraph 48 is denied.

## ASB AND YOURNET RELATED ENTITIES

49.    It is admitted that Yournet, WWFN and R-Chief had accounts at ASB. The remainder of the allegations are denied.

50.    Paragraph 50 is denied.

51.    Paragraph 51 is denied.

52.    Paragraph 52 is denied for lack of knowledge and information.

## ASSOCIATION IN FACT

53.    Paragraph 53 is denied.

## WITHERSPOON AFFAIR

54.    Paragraph 54 is denied.

55.    Paragraph 55 is denied.

56.    Paragraph 56 is denied.

57.    Paragraph 57 is denied.

## YOURNET INVESTMENT DOCUMENTS

58.    Paragraph 58 is denied for lack of knowledge and information.

59.    Paragraph 59 is denied for lack of knowledge and information.  It is admitted that Plaintiff Schuster signed a Stock Subscription Agreement and that the Agreement speaks for itself.

60.    Paragraph 60 is denied for lack of knowledge and information.

## ASB FRAUDULENTLY INDUCED LOANS AND SECURITY INSTRUMENTS

61.    a.    Paragraph 61a is admitted.

b.    Paragraph 61b is denied.  The loan is made to Orville Schuster d/b/a Schuster Investments and Fay Anderson.

c.    Paragraph 61c is denied.  The loan is to Orville Schuster d/b/a Schuster Investments and Fay Anderson.

d.    Paragraph 61d is admitted.  This is a renewal of a prior loan.

e.    Paragraph 61e is admitted.

f.    Paragraph 61f is admitted.

g.    Paragraph 61g is denied.  The loan is made to Orville Schuster, Fay Anderson d/b/a Schuster Investments.

h.    Paragraph 61h is admitted.

i.    Paragraph 61i is admitted.

j.    Paragraph 61j is denied.  The loan is to Orville Schuster, Fay Anderson, Deb Anderson d/b/a Our Chief, Inc.

      k.      Paragraph 61k is admitted.

62.     Paragraph 62 is denied.  It is admitted that some of the money borrowed was used to pay off earlier loans that were due and owing.  The remainder of the paragraph is denied.

63.     Paragraph 63 is denied.  It is admitted that on February 6, 2002, ASB loaned Schuster $600,000.00.  It is further admitted in connection with this loan, Schuster pledged as collateral on the loan a warehouse and real estate worth in excess of $1,750,000.00.

64.     Paragraph 64 is denied.  It is admitted that on or about August 26, 2002, ASB loaned Schuster $1,200,000.00.

65.     Paragraph 65 is denied.

**FRAUDULENT INVESTMENTS IN YOURNET AND RELATED ENTITIES**

66.     Paragraph 66 is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

**ASB'S CALLING OF SCHUSTER'S CERTIFICATE OF DEPOSITS**

69.     Paragraph 69 is denied.  It is admitted that ASB was advised of potential fraud involving Darrell Witherspoon in January 2004 and that ASB suspended Cleveringa's authority with respect to Schuster's loans.

70.     Paragraph 70 is denied for lack of knowledge and information.

**LULLING PAYMENTS**

71.     Paragraph 71 is denied.

**UNAUTHORIZED LOAN GUARANTEES**

72.    Paragraph 72 is denied.

## UNAUTHORIZED USE OF SCHUSTER LOAN PROCEEDS

73.    Paragraph 73 is denied.

## WIRE TRANSFERS

74.    Paragraph 74 is denied.

## COUNT I-SCHUSTER'S PROFESSIONAL NEGLIGENCE CLAIM AGAINST FAY ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY

75.    Defendant Cal Cleveringa incorporates by reference his answers to paragraphs 1-74 as if fully set forth herein.

76-78.    Cal Cleveringa makes no further answer to Count I of the Complaint as it does not purport to state a claim against Defendant Cal Cleveringa. Inasmuch as any of the allegations are relevant as to Cal Cleveringa, they are hereby denied.

## COUNT II-SCHUSTER'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY (Formerly Count IV in Plaintiffs' Second Amended and Substituted Complaint)

79.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

80-83.    This Defendant does not answers these paragraphs as they do not purport to state a claim against Defendant Cal Cleveringa. Inasmuch as they purport to do so, they are denied.

## COUNT III-SCHUSTER AND SCHLICHTE'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST CLEVERINGA AND ASB (Formerly Count V in Plaintiffs' Second Amended and Substituted Complaint.)

84.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-75 as if fully set forth herein.

85.    Paragraph 85 is denied.

86.    Paragraph 86 is denied.

87.    Paragraph 87 is denied.

88.    Paragraph 88 is denied.

## AFFIRMATIVE DEFENSES

1.    This Defendant states that Count III fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count III of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT IV-SCHUSTER'S CLAIM FOR FRAUDULENT MISREPRESENTATIONS AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY
### (Formerly Count VI of Plaintiffs' Second Amended and Substituted Complaint).

89.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

90-98.    Defendant Cal Cleveringa does not answer the allegations made in Count IV of Plaintiffs' Complaint as it does not appear to state a claim against this answering Defendant.  Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

## COUNT V-SCHUSTER'S CLAIM FOR FRAUDULENT NONDISCLOSURE AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY
### (Formerly Count VII in Plaintiffs' Second Amended and Substituted Complaint.)

99.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

100-108.    Defendant Cal Cleveringa does not answer the allegations made in Count V of Plaintiffs' Complaint as it does not appear to state a claim against this answering Defendant.  Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

## COUNT VI-SCHUSTER AND SCHLICHTE'S CLAIMS FOR FRAUDULENT MISREPRESENTATIONS AGAINST CLEVERINGA AND ASB
### (Formerly Count VIII of Plaintiffs' Second Amended and Substituted Complaint.)

109.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

110.    Paragraph 110 is denied.

111.    Paragraph 111 is denied.

112.    Paragraph 112 is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

116.    Paragraph 116 is denied.

117.    Paragraph 117 is denied.

118.    Paragraph 118 is denied.

## AFFIRMATIVE DEFENSES

1.    This Defendant states that Count VI fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.     The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count VI of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT VII-SCHUSTER AND SCHLICHTE'S CLAIMS FOR FRAUDULENT NONDISCLOSURE AGAINST CLEVERINGA AND ASB
### (Formerly Count IX of Plaintiffs' Second Amended and Substituted Complaint.)

119.   Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

120.   Paragraph 120 is denied.

121.   Paragraph 121 is denied.

122.   Paragraph 122 is denied.

123.   Paragraph 123 is denied.

124.   Paragraph 124 is denied.

125.   Paragraph 125 is denied.

126.   Paragraph 126 is denied.

127.   Paragraph 127 is denied.

128.   Paragraph 128 is denied.

## AFFIRMATIVE DEFENSES

1.     This Defendant states that Count VII fails to state a claim upon which relief can be granted.

2.     This Defendant states this matter is barred by the statute of limitations.

3.      The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count VII of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT VIII-SCHUSTER'S CLAIM FOR NEGLIGENT MISREPRESENTATION AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY
**(Formerly Count X of Plaintiffs' Second Amended and Substituted Complaint.)**

129.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

130-135.      Defendant Cal Cleveringa does not answer the allegations made in Count VII of Plaintiffs' Complaint as it does not appear to state a claim against this answering Defendant. Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

## COUNT IX-SCHUSTER AND SCHLICHTE'S CLAIMS FOR NEGLIGENT MISRESENATION AGAINST CLEVERINGA AND ASB
**(Formerly Count XI of Plaintiffs' Second Amended and Substituted Complaint.)**

136.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

137.    Paragraph 137 is denied.

138.    Paragraph 138 is denied.

139.    Paragraph 139 is denied.

140.    Paragraph 140 is denied.

141.    Paragraph 141 is denied.

142.    Paragraph 142 is denied.

## AFFIRMATIVE DEFENSES

1.     This Defendant states that Count IX fails to state a claim upon which relief can be granted.

2.     This Defendant states this matter is barred by the statute of limitations.

3.     The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count IX of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

**COUNT X-SCHUSTER AND SCHLICHTE'S CLAIMS FOR FRAUD IN THE INDUCEMENT ON THE BASIS OF FRAUDULENT MISREPRESENTATIONS BY ASB (Formerly Count XII of Plaintiffs' Second Amended and Substituted Complaint.)**

143.     Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

144-152.     Defendant Cal Cleveringa does not answer the allegations made in Count VII of Plaintiffs' Complaint as it does not appear to state a claim against this answering Defendant.  Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

**COUNT XI-SCHUSTER AND SCHLICHTE'S CLAIMS FOR FRAUD IN THE INDUCEMENT ON THE BASIS OF FRAUDULENT NONDISCLOSURES BY ASB (Formerly Count XIII of Plaintiffs' Second Amended and Substituted Complaint.)**

153.     Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-74 as if fully set forth herein.

154-162.     Defendant Cal Cleveringa does not answer the allegations made in Count VII of Plaintiffs' Complaint as it does not appear to state a claim against this

answering Defendant.  Inasmuch as they appear to make any allegations against this

Defendant, they are hereby denied.

### COUNT XII-SCHUSTER AND SCHLICHTE'S CLAIMS OF AN 18 U.S.C §1962(b)-RICO VIOLATION BY FAY ANDERSON, F.H. ANDERSON COMPANY, P.C. F.H. ANDERSON COMPANY, CLEVERINGA AND ASB (Formerly Count XIV of Plaintiffs' Second Amended and Substituted Complaint.)

163.   Defendant Cal Cleveringa incorporates by reference his answers to

Paragraphs 1-162 as if fully set forth herein.

164.   Paragraph 164 is denied.

165.   Paragraph 165 is denied.

166.   Paragraph 166 is denied.

167.   Paragraph 167 is denied.

168.   Paragraph 168 is denied.

169.   Paragraph 169 is denied.

170.   Paragraph 170 is denied.

171.   It is denied that this was an "enterprise."   In responding to each

subparagraph, it is affirmatively stated that there is no enterprise.

a.   Paragraph 171a is admitted except that ASB does not provide

"investment advice" but instead has a separate Investment and Trust Department that

enables customers to purchase publicly traded securities through PrimeVest Financial

Services, Inc. which recommends the securities.

b.   Paragraph 171b is denied.

c.   Paragraph 171c is admitted.

d.   Paragraph 171d is denied for lack of knowledge and information.

e.   Paragraph 171e is denied.

f. Paragraph 171f is admitted.

g. Paragraph 171g is admitted.

h. Paragraph 171h is denied for lack of knowledge and information.

i. Paragraph 171i is admitted.

j. Paragraph 171j is admitted.

k. Paragraph 171k is admitted.

l. Paragraph 171l is admitted.

m. Paragraph 171m is denied.

n. Paragraph 171n is denied.

172. Paragraph 172 is denied.

173. Paragraph 173 is denied; it is admitted ASB did receive some amount of interest.

174. Paragraph 174 is admitted.

175. Paragraph 175 is denied.

## AFFIRMATIVE DEFENSES

1. This Defendant states that Count XII fails to state a claim upon which relief can be granted.

2. This Defendant states this matter is barred by the statute of limitations.

3. The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XII of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XIII-SCHUSTER AND SCHLICHTE'S CLAIMS OF AN 18 U.S.C §1926(c)-RICO VIOLATION BY ANDERSON, F.H. ANDERSON COMPANY, P.C., F.H. ANDERSON COMPANY, CLEVERINGA AND ASB
### (Formerly Count XV of Plaintiffs' Second Amended and Substituted Complaint.)

176.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-175 as if fully set forth herein.

177.    Paragraph 117 is denied.

178.    Paragraph 178 is denied.

### AFFIRMATIVE DEFENSES

1.    This Defendant states that Count XIII fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XIII of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XIV-SCHUSTER AND SCHLICHTE'S CLAIM OF AN 18 U.S.C. §1962(d)-RICO VIOLATION BY ANDERSON, F.H. ANDERSON COMPANY, P.C., F.H. ANDERSON COMPANY, CLEVERINGA AND ASB
### (Formerly Count XVI of Plaintiffs' Amended and Substituted Complaint.)

179.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-178 as if fully set forth herein.

180.    Paragraph 180 is denied.

181.    Paragraph 181 is denied.

### AFFIRMATIVE DEFENSES

1.    This Defendant states that Count XIV fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XIV of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XV-SCHUSTER AND SCHLICHTE'S CLAIM FOR NEGLIGENT SUPERVISION AGAINST F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY
**(Formerly Count XVII of Plaintiffs' Second Amended and Substituted Complaint.)**

182.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-181 as if fully set forth herein.

183-187.    Defendant Cal Cleveringa does not answer the allegations made in Count XVII of Plaintiffs' Complaint as it does not appear to state a claim against this answering Defendant.  Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

## COUNT XVI-SCHUSTER AND SCHLICHTE'S CLAIM FOR NEGLIGENT SUPERVISION AGAINST ASB
**(Formerly Count XVIII of Plaintiffs' Second Amended and Substituted Complaint.)**

188.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-187 as if fully set forth herein.

189-193.    Defendant Cal Cleveringa does not answer the allegations made in Count XVI of Plaintiffs' Complaint as it does not appear to state a claim against this

answering Defendant. Inasmuch as they appear to make any allegations against this Defendant, they are hereby denied.

### COUNT XVII-SCHLICHTE'S CLAIM FOR BREACH OF CONTRACT-PROMISSORY NOTE AGAINST ANDERSON
**(Formerly Count XIX of Plaintiffs' Second Amended and Substituted Complaint.)**

194-199.    This Defendant makes no response to Count XVII as it does not state a cause of action against this Defendant.

### COUNT XVIII-SCHLICHTE'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY
**(Formerly Count XX of Plaintiffs' Second Amended and Substituted Complaint.)**

200-205.    This Defendant makes no response to Count XVIII as it makes no allegations against this Defendant.

### COUNT XIX-SCHUSTER'S CONVERSION CLAIM AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H ANDERSON COMPANY.

206-210.    This Defendant makes no response to Count XIX as it does not state a cause of action against this Defendant.

### COUNT XX-SCHUSTER'S CONVERSION CLAIM AGAINST CLEVERINGA AND ASB

211.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-210 as if fully set forth herein.

212.    Paragraph 212 is denied.

213.    Paragraph 213 is denied.

214.    Paragraph 214 is denied.

215.    Paragraph 215 is denied.

### AFFIRMATIVE DEFENSES

1.    This Defendant states that Count XX fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XX of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

### COUNT XXI-SCHUSTER'S FEDERAL SECURITIES LAW CLAIMS (§10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5) AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY.

216.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-215 as if fully set forth herein.

217-224.    This Defendant makes no response to Count XXI as it does not state a cause of action against this Defendant. To the extent any allegations against Cleveringa are intended, those allegations are denied.

### COUNT XXII-SCHUSTER'S FEDERAL SECURITIES LAW CLAIMS (§10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5) AGAINST CLEVERINGA AND ASB.

225.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-224 as if fully set forth herein.

226.    Paragraph 226 is denied.

227.    Paragraph 227 is denied.

228.    Paragraph 228 is denied for lack of knowledge and information.

229.    Paragraph 229 is denied for lack of knowledge and information.

230.    Paragraph 230 is denied.

231.    Paragraph 231 is denied.

232.    Paragraph 232 is denied.

233.    Paragraph 233 is denied.

**AFFIRMATIVE DEFENSES**

1.    This Defendant states that Count XXII fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XXII of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XXIII-SCHUSTER'S STATE SECURITIES LAW CLAIMS (Iowa Code Chapter 502) AGAINST ANDERSON, F.H. ANDERSON COMPANY, P.C. AND F.H. ANDERSON COMPANY.

234-236.    This Defendant makes no response to Count XXIII as it does not make any allegations against this Defendant.

## COUNT XXIV-SCHUSTER'S STATE SECURITIES LAW CLAIMS (Iowa Code Chapter 502) AGAINST CLEVERINGA AND ASB

237.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-236 as if fully set forth herein.

238.    Paragraph 238 is denied.

239.    Paragraph 239 is denied.

**AFFIRMATIVE DEFENSES**

1.    This Defendant states that Count XXIV fails to state a claim upon which relief can be granted.

2.      This Defendant states this matter is barred by the statute of limitations.

3.      The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XXIV of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XXV-SCHLICHTE'S CONVERSION CLAIM AGAINST CLEVERINGA AND ASB

240.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-239 as if fully set forth herein.

241.    Paragraph 241 is denied.

242.    Paragraph 242 is denied.

243.    Paragraph 243 is denied.

## AFFIRMATIVE DEFENSES

1.      This Defendant states that Count XXV fails to state a claim upon which relief can be granted.

2.      This Defendant states this matter is barred by the statute of limitations.

3.      The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XXV of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XXVI-SCHLICHTE'S FEDERAL SECURITIES LAW CLAIMS (§10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5) AGAINST CLEVERINGA AND ASB.

244.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-243 as if fully set forth herein.

245.    Paragraph 245 is denied.

246.    Paragraph 246 is denied.

247.    Paragraph 247 is denied for lack of knowledge and information.

248.    Paragraph 248 is denied for lack of knowledge and information.

249.    Paragraph 249 is denied.

250.    Paragraph 250 is denied.

251.    Paragraph 251 is denied.

252.    Paragraph 252 is denied.

## AFFIRMATIVE DEFENSES

1.    This Defendant states that Count XXVI fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XXVI of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## COUNT XXVII-SCHLICHTE'S STATE SECURITIES LAW CLAIMS (Iowa Code Chapter 502) AGAINST CLEVERINGA AND ASB.

253.    Defendant Cal Cleveringa incorporates by reference his answers to Paragraphs 1-252 as if fully set forth herein.

254.    Paragraph 254 is denied.

255.    Paragraph 255 is denied.

## AFFIRMATIVE DEFENSES

1.    This Defendant states that Count XXVII fails to state a claim upon which relief can be granted.

2.    This Defendant states this matter is barred by the statute of limitations.

3.    The fault, if any, is that of the Plaintiffs and/or other unnamed parties and that the recovery of the Plaintiff, if any, should be barred by the comparative fault of the Plaintiffs or others.

WHEREFORE, this Defendant prays that Count XXVII of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## ADDITIONAL AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to comply with F.R.C.P 9(b) and/or the Private Securities Litigation Reform Act.

2.    Cleveringa acted in reliance on the directions of Fay Anderson, or others, who had both actual and apparent authority confirmed on him by Plaintiff Orville Schuster.

3.    Plaintiffs' claims are barred by laches, waiver, estoppel, accord, and satisfaction and release.

4.    Certain of Plaintiffs' claims are barred by the business judgment rule.

WHEREFORE, Defendant Cal Cleveringa prays that all counts of Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

## JURY DEMAND

Defendant, Cal Cleveringa, hereby demands his right to a trial by jury of all

issues contained in the Third Amended Complaint.

HEIDMAN, REDMOND, FREDREGILL,
PATTERSON, PLAZA, DYKSTRA & PRAHL, L.L.P.

BY:    /s/ John C. Gray
JOHN C. GRAY, WO0001915
701 Pierce Street, Suite 200
Post Office Box 3086
Sioux City, Iowa  51102
Telephone:  (712) 255-8838
Facsimile:  (712) 258-6714
E-mail: John.Gray@heidmanlaw.com

ATTORNEYS FOR DEFENDANT
CAL CLEVERINGA

Copy to:

Robert S. Keith
1700 Woodmen Tower, Suite 1350
Omaha, NE 68102

Lloyd Bierma
32 6th Street NW
Sioux Center, IA 51250

Ed Mansfield
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989

Timothy A. Claussen
4280 Sergeant Road, Suite 290
PO Box 327
Sioux City, IA 51102

Terrence D. Brown
Hixson & Brown
1360 121st Street, Suite A
Clive, IA 50325

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in th United States Post Office depository in Sioux City, Iowa on the 9  day of January, 2006.

    **/s/ John C. Gray**