IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| ORVILLE SCHUSTER and WILLIAM SCHLICHTE, | ) ) | Case No. C04-4089 MWB |
| Plaintiffs, | ) ) | DEFENDANT AMERICAN STATE BANK'S ANSWER TO THIRD AMENDED COMPLAINT AND JURY DEMAND |
| v. | ) | |
| FAY ANDERSON, F.H. ANDERSON COMPANY, P.C., F.H. ANDERSON COMPANY, CAL CLEVERINGA, and AMERICAN STATE BANK, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

For its answer to the Third Amended and Substituted Complaint, American State Bank ("ASB") admits, denies, and alleges as follows:

1.      For its response to paragraph 1, ASB admits that the complaint purports to state RICO claims, but denies that the claims are properly alleged or that federal jurisdiction is proper in this action.

2.      For its response to paragraph 2, ASB admits that a substantial part of the events occurred in this judicial district, but denies that federal jurisdiction (and hence venue in this district) are proper in this matter.

3.      The allegations of paragraph 3 are admitted.

4.      No response to the allegations of paragraph 4 is required because Schuster Co. is no longer a party to this action.

5.      No response to the allegations of paragraph 5 is required because LeMars Truck and Trailer is no longer a party to this action.

6.      The allegations of paragraph 6 are admitted.

7.      ASB admits the allegations of the first sentence of paragraph 7.  ASB denies the remaining allegations for lack of knowledge and information.

8.      ASB denies the allegations of paragraph 8 for lack of knowledge and information.

9.      ASB denies the allegations of paragraph 9 for lack of knowledge and information.

10.     ASB admits the allegations of the first sentence of paragraph 10.  ASB admits that Cal Cleveringa was previously a Vice President of ASB who was employed solely as a loan officer.  ASB also admits that it provides commercial and consumer loans.  The remaining allegations of paragraph 10 are denied.

11.     ASB admits that Cal Cleveringa was a loan officer and was treated as an exempt employee under the Fair Labor Standards Act.  The remaining allegations of paragraph 11 are denied.

12.     ASB admits the first sentence of paragraph 12.  ASB further admits that it provides commercial and consumer loans.  ASB also admits that it has a separate Investment and Trust Department that enables customers to purchase publicly traded securities through the services of PrimeVest Financial Services, Inc., an independent registered broker-dealer.  ASB alleges that this department never had any dealings with Plaintiffs.  The remaining allegations of paragraph 12 are denied.

13.     ASB denies the allegations of paragraph 13 for lack of knowledge and information.

14.    ASB denies that it had an indirect and/or direct interest in any entities or schemes in which Plaintiff Schuster invested.  ASB denies the remaining allegations of paragraph 14 for lack of knowledge and information.

15.    ASB denies that it had an indirect and/or direct interest in any entities or schemes in which Plaintiff Schlichte invested.  ASB denies the remaining allegations of paragraph 15 for lack of knowledge and information.

16.    ASB denies the allegations of paragraph 16 for lack of knowledge and information.

17.    ASB denies the allegations of paragraph 17 for lack of knowledge and information.

18.    ASB denies the allegations of paragraph 18 for lack of knowledge and information.

19.    ASB denies the allegations of paragraph 19 for lack of knowledge and information.

20.    ASB denies the allegations of paragraph 20 for lack of knowledge and information.

21.    ASB admits that Cal Cleveringa was previously a Vice President of ASB who was employed solely as a loan officer.  The remaining allegations of paragraph 21 are denied. ASB specifically denies that Cleveringa had authority to provide investment advice or that he had any responsibilities for ASB in that area.

22.    ASB denies the allegations of paragraph 22 for lack of knowledge and information.

23.    ASB denies that it had an indirect and/or direct interest in any entities or schemes in which Plaintiffs invested.  ASB denies the remaining allegations of paragraph 23 for lack of knowledge and information.

24.    ASB denies the allegations of paragraph 24 for lack of knowledge and information.

25.    ASB denies the allegations of paragraph 25 for lack of knowledge and information.

26.    ASB denies the allegations of paragraph 26 for lack of knowledge and information.

27.    ASB denies the allegations of paragraph 27 for lack of knowledge and information.

28.    ASB admits that Plaintiff Schuster borrowed money from ASB starting in or about November 2000.  ASB denies the remaining allegations of paragraph 28 for lack of knowledge and information.

29.    ASB admits that Plaintiff Schlichte banked (and continues to bank) with ASB. ASB denies the remaining allegations of paragraph 29.

30.    ASB admits that Plaintiff Schuster borrowed money from ASB starting in or about November 2000.  ASB denies the remaining allegations of paragraph 30.

31.    ASB admits that Plaintiff Schuster has paid interest to the Bank and that according to the Form 1098 reports, such interest exceeds $475,122.32.  However, ASB affirmatively alleges on information and belief that, pursuant to an agreement between Schuster and Anderson, some of that interest has been paid by Anderson.

32.    ASB denies the allegations of paragraph 32.

33.    ASB admits that it offers to make personal, commercial, and consumer loans to creditworthy customers.    The remaining allegations of paragraph 33 are denied.    ASB specifically denies that it offered to provide investment services through Cal Cleveringa.

34.    ASB denies the allegations of paragraph 34.

35.    ASB denies the allegations of paragraph 35.

36.    ASB denies the allegations of paragraph 36.

37.    ASB denies the allegations of paragraph 37.

38.    ASB denies the allegations of paragraph 38 for lack of knowledge and information.

39.    ASB denies the allegations of paragraph 39 for lack of knowledge and information.

40.    ASB denies the allegations of paragraph 40 for lack of knowledge and information.

41.    ASB denies the allegations of paragraph 41 for lack of knowledge and information.

42.    ASB denies the allegations of paragraph 42 for lack of knowledge and information.

43.    ASB denies the allegations of paragraph 43 for lack of knowledge and information.

44.    ASB denies the allegations of paragraph 44 for lack of knowledge and information.

45.     ASB denies the allegations of paragraph 45 for lack of knowledge and information.

46.     ASB denies the allegations of paragraph 46 for lack of knowledge and information.

47.     ASB denies the allegations of paragraph 47 for lack of knowledge and information.

48.     ASB denies the allegations of paragraph 48 for lack of knowledge and information.

49.     ASB admits that Yournet, WWFN, and R Chief had accounts at ASB.  The allegations of paragraph 49 are denied.

50.     ASB denies the allegations of paragraph 50.

51.     ASB denies the allegations of paragraph 51.

52.     ASB denies the allegations of paragraph 52 except to admit that overdrafts occurred at times in one or more Yournet accounts, although not at a level sufficient to trigger any SAR reporting, that a notice of a tax levy was served on ASB on or about June 14, 2002, and that ASB received a notice of the Yournet bankruptcy after August 30, 2002.  ASB affirmatively alleges that two separate notices of the Yournet bankruptcy were sent directly to Plaintiff Schuster on August 13, 2002.

53.     ASB denies the allegations of paragraph 53.

54.     ASB denies the allegations of paragraph 54 for lack of knowledge and information.

55.    ASB denies the allegations of paragraph 55 as to itself, and denies the remaining allegations of paragraph 55 for lack of knowledge and information.

56.    ASB denies the allegations of the first sentence of paragraph 56 for lack of knowledge and information.  ASB denies the allegations of the second sentence of paragraph 56.

57.    ASB denies the allegations of paragraph 57.

58.    ASB denies the allegations of paragraph 58 for lack of knowledge and information.

59.    ASB admits that Plaintiff Schuster signed a Stock Subscription Agreement and that such agreement speaks for itself.  The remaining allegations of paragraph 59 are denied.

60.    ASB denies the allegations of paragraph 60 for lack of knowledge and information.

61.    ASB admits that it made the loans to Plaintiff Schuster alleged in paragraph 61, although a number of these loans were renewals of previous loans and Fay Anderson, Deb Anderson, and/or R Chief were also borrowers on certain of these loans.  ASB denies the remaining allegations of paragraph 61.

62.    ASB denies the allegations of the fifth sentence of paragraph 62, and denies the remaining allegations of paragraph 62 for lack of knowledge and information.

63.    Answering the allegations of paragraph 63, ASB admits that it loaned Schuster $600,000 on or about February 6, 2002, and that the collateral for that loan

included certain real estate appraised at approximately $1.75 million. ASB denies the remaining allegations of paragraph 63 for lack of knowledge and information.

64.    Answering the allegations of paragraph 64, ASB admits that it loaned Schuster $1,200,000 on or about August 26, 2002. ASB denies the allegations of subparagraph (5) of paragraph 64. ASB denies the remaining allegations of paragraph 64 for lack of knowledge and information. ASB affirmatively alleges that Plaintiff Schuster received written notice of the Yournet bankruptcy before August 26, 2002.

65.    ASB denies the allegations of paragraph 65 and affirmatively alleges that Plaintiff Schuster received written notice of the Yournet bankruptcy before August 26, 2002.

66.    ASB denies the allegations of paragraph 66 for lack of knowledge and information.

67.    ASB denies the allegations of paragraph 67 for lack of knowledge and information.

68.    ASB denies the allegations of the first sentence of paragraph 68 as to itself, denies the allegations of the third sentence of paragraph 68, and denies the remaining allegations of paragraph 68 for lack of knowledge and information.

69.    Answering the allegations of paragraph 69, ASB admits that it was advised by a representative of Plaintiff Schuster of a potential fraud involving Darrell Witherspoon in January 2004. ASB also admits that, in January 2004, it

suspended Cleveringa's authority with respect to Schuster loans. The remaining allegations of paragraph 69 are denied.

70.    ASB denies the allegations of paragraph 70. ASB affirmatively alleges that Schuster was in default in his loans to ASB; and that ASB agreed to waive the default interest as part of an agreement with Schuster reached in January 2004.

71.    ASB denies the allegations of paragraph 71 for lack of knowledge and information.

72.    ASB denies the allegations of paragraph 72 for lack of knowledge and information.

73.    ASB denies the allegations of paragraph 73 for lack of knowledge and information.

74.    ASB denies the allegations of paragraph 74 for lack of knowledge and information.

## COUNT I

The allegations of Count I are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT II

The allegations of Count II are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT III

84.     Answering the allegations of paragraph 84, ASB incorporates its admissions, denials, and allegations to paragraphs 1-74.

85.     ASB denies the allegations of paragraph 85.

86.     ASB denies the allegations of paragraph 86.

87.     ASB denies the allegations of paragraph 87.

88.     ASB denies the allegations of paragraph 88.

## COUNT IV

The allegations of Count IV are directed against another defendant and do not require a response from this defendant.  To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT V

The allegations of Count V are directed against another defendant and do not require a response from this defendant.  To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT VI

109.    Answering the allegations of paragraph 109, ASB incorporates its admissions, denials and allegations to paragraphs 1-74.

110.    ASB denies the allegations of paragraph 110.

111.    ASB denies the allegations of paragraph 111.

112.    ASB denies the allegations of paragraph 112.

113.    ASB denies the allegations of paragraph 113.

114.    ASB denies the allegations of paragraph 114.

115.   ASB denies the allegations of paragraph 115.

116.   ASB denies the allegations of paragraph 116.

117.   ASB denies the allegations of paragraph 117.

118.   ASB denies the allegations of paragraph 118.

COUNT VII

119.   Answering the allegations of paragraph 119, ASB incorporates its admissions, denials and allegations to paragraphs 1-74.

120.   ASB denies the allegations of paragraph 120.

121.   ASB denies the allegations of paragraph 121.

122.   ASB denies the allegations of paragraph 122.

123.   ASB denies the allegations of paragraph 123.

124.   ASB denies the allegations of paragraph 124.

125.   ASB denies the allegations of paragraph 125.

126.   ASB denies the allegations of paragraph 126.

127.   ASB denies the allegations of paragraph 127.

128.   ASB denies the allegations of paragraph 128.

COUNT VIII

The allegations of Count VIII are directed against another defendant and do not require a response from this defendant.  To the extent any allegations against ASB are intended, ASB denies those allegations.

COUNT IX

136.    Answering the allegations of paragraph 136, ASB incorporates its admissions, denials, and allegations to paragraphs 1-74.

137.    ASB denies the allegations of paragraph 137.

138.    ASB denies the allegations of paragraph 138.

139.    ASB denies the allegations of paragraph 139.

140.    ASB denies the allegations of paragraph 140.

141.    ASB denies the allegations of paragraph 141.

142.    ASB denies the allegations of paragraph 142.

COUNT X

143.    Answering the allegations of paragraph 143, ASB incorporates its admissions, denials, and allegations to paragraphs 1-74.

144.    ASB denies the allegations of paragraph 144.

145.    ASB denies the allegations of paragraph 145.

146.    ASB denies the allegations of paragraph 146.

147.    ASB denies the allegations of paragraph 147.

148.    ASB denies the allegations of paragraph 148.

149.    ASB denies the allegations of paragraph 149.

150.    ASB denies the allegations of paragraph 150.

151.    ASB denies the allegations of paragraph 151.

152.    ASB denies the allegations of paragraph 152.

COUNT XI

153.   Answering the allegations of paragraph 153, ASB incorporates its admissions, denials, and allegations to paragraphs 1-74.

154.   ASB denies the allegations of paragraph 154.

155.   ASB denies the allegations of paragraph 155.

156.   ASB denies the allegations of paragraph 156.

157.   ASB denies the allegations of paragraph 157.

158.   ASB denies the allegations of paragraph 158.

159.   ASB denies the allegations of paragraph 159.

160.   ASB denies the allegations of paragraph 160.

161.   ASB denies the allegations of paragraph 161.

162.   ASB denies the allegations of paragraph 162.

COUNT XII

163.   Answering the allegations of paragraph 163, ASB incorporates its admissions, denials, and allegations to paragraphs 1-74.

164.   ASB denies the allegations of paragraph 164.

165.   ASB denies the allegations of paragraph 165.

166.   ASB denies the allegations of paragraph 166.

167.   ASB denies the allegations of paragraph 167.

168.   ASB denies the allegations of paragraph 168.

169.   ASB denies the allegations of paragraph 169.

170.   ASB denies the allegations of paragraph 170.

171.    ASB denies the allegations of paragraph 171, except that it admits that it is a bank insured by the FDIC with assets in excess of $200 million, that it has branches in Alvord, Granville and Hospers, as well as a sister bank in LeMars, that it provides savings accounts, checking accounts, consumer, agricultural and commercial loan services, that it has a separate Investment and Trust Department that enables customers to purchase publicly traded securities through the services of PrimeVest Financial Services, Inc., an independent registered broker-dealer, and that R Chief and WWFN had accounts at ASB.  ASB denies the allegations of subparagraphs (f), (g), (h), (i), (j) and (k) for lack of knowledge and information.ASB denies the allegations of paragraph 172, except it admits that Plaintiff Schuster was charged a default interest rate of 18 percent on some occasions following his defaults, as provided by the loan agreements that he signed.

172.    ASB denies the allegations of paragraph 173, except that it admits it received interest payments as authorized by the loan agreements.   ASB admits that default interest was charged as authorized by the loan agreements.  ASB affirmatively alleges that in January 2004, it agreed to waive certain default interest as part of an agreement with Plaintiff Schuster.ASB denies the allegations of paragraph 174 for lack of knowledge and information.

173.    ASB denies the allegations of paragraph 175.

COUNT XIII

174.    Answering the allegations of paragraph 176, ASB incorporates its admissions, denials, and allegations to paragraphs 1-175.

175.    ASB denies the allegations of paragraph 177.

176.    ASB denies the allegations of paragraph 178.

COUNT XIV

177.    Answering the allegations of paragraph 179, ASB incorporates its admissions, denials, and allegations to paragraphs 1-178.

178.    ASB denies the allegations of paragraph 180.

179.    ASB denies the allegations of paragraph 181.

COUNT XV

The allegations of Count XV are directed against another defendant and do not require a response from this defendant.  To the extent any allegations against ASB are intended, ASB denies those allegations.

COUNT XVI

188.    Answering the allegations of paragraph 188, ASB incorporates its admissions, denials, and allegations to paragraphs 1-187.

189.    ASB denies the allegations of paragraph 189.

190.    ASB denies the allegations of paragraph 190.

191.    ASB denies the allegations of paragraph 191.

192.    ASB denies the allegations of paragraph 192.

193.    ASB denies the allegations of paragraph 193.

COUNT XVII

The allegations of Count XVII are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT XVIII

The allegations of Count XVIII are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT XIX

The allegations of Count XIX are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

## COUNT XX

211.    Answering the allegations of paragraph 211, ASB incorporates its admissions, denials and allegations to paragraphs 1-210.

212.    ASB denies the allegations of paragraph 212.

213.    ASB denies the allegations of paragraph 213.

214.    ASB denies the allegations of paragraph 214.

215.    ASB denies the allegations of paragraph 215.

## COUNT XXI

The allegations of Count XXI are directed against another defendant and do not require a response from this defendant. To the extent any allegations against ASB are intended, ASB denies those allegations.

COUNT XXII

225.    Answering the allegations of paragraph 225, ASB incorporates its admissions, denials and allegations to paragraphs 1-224.

226.    ASB denies the allegations of paragraph 226.

227.    ASB denies the allegations of paragraph 227.

228.    ASB denies the allegations of paragraph 228.

229.    ASB denies the allegations of paragraph 229.

230.    ASB denies the allegations of paragraph 230.

231.    ASB denies the allegations of paragraph 231.

232.    ASB denies the allegations of paragraph 232.

233.    ASB denies the allegations of paragraph 233.

COUNT XXIII

The allegations of Count XXIII are directed against another defendant and do not require a response from this defendant.  To the extent any allegations against ASB are intended, ASB denies those allegations.

COUNT XXIV

237.    Answering the allegations of paragraph 237, ASB incorporates its admissions, denials, and allegations to paragraphs 1-236.

238.    ASB denies the allegations of paragraph 238.

239.    ASB denies the allegations of paragraph 239.

COUNT XXV

240.   Answering the allegations of paragraph 240, ASB incorporates its admissions, denials, and allegations to paragraphs 1-239.

241.   ASB denies the allegations of paragraph 241.

242.   ASB denies the allegations of paragraph 242.

243.   ASB denies the allegations of paragraph 243.

COUNT XXVI

244.   Answering the allegations of paragraph 244, ASB incorporates its admissions, denials, and allegations to paragraphs 1-243.

245.   ASB denies the allegations of paragraph 245.

246.   ASB denies the allegations of paragraph 246.

247.   ASB denies the allegations of paragraph 247.

248.   ASB denies the allegations of paragraph 248.

249.   ASB denies the allegations of paragraph 249.

250.   ASB denies the allegations of paragraph 250.

251.   ASB denies the allegations of paragraph 251.

252.   ASB denies the allegations of paragraph 252.

COUNT XXVII

253.   Answering the allegations of paragraph 253, ASB incorporates its admissions, denials, and allegations to paragraphs 1-252.

254.   ASB denies the allegations of paragraph 254.

255.   ASB denies the allegations of paragraph 255.

DEFENSES

256.    Any allegation not specifically admitted is hereby denied.

257.    Plaintiffs have failed to state valid claims and causes of action against ASB.

258.    Plaintiffs have failed to comply with Fed.R.Civ. P. 9(b).

259.    Plaintiffs have failed to comply with the pleading requirements of the Private Securities Litigation Reform Act.

260.    Plaintiffs' federal securities claims are otherwise barred by the terms of the Private Securities Litigation Reform Act.

261.    ASB and/or Cleveringa acted pursuant to authority from Orville Schuster and/or William Schlichte.

262.    ASB and/or Cleveringa acted in reliance on the directions of Fay Anderson, who had both actual and apparent authority conferred on him by Orville Schuster.

263.    The acts and omissions of Mr. Cleveringa of which Plaintiffs complain were not authorized by ASB nor were they part of his job duties at ASB.

264.    ASB did not owe the duties to Plaintiffs that are asserted by Plaintiffs.

265.    Plaintiffs may not pursue a respondeat superior RICO claim against ASB.

266.    The claims are barred by intervening and superseding cause.

267.    The claims are barred by laches, ratification, consent, waiver, estoppel, accord and satisfaction, and release.

268.    The claims are barred by assumption of the risk and/or contributory negligence.

269.    The claims are barred by in pari delicto.

270.    Certain of plaintiffs' claims are barred by the express terms of documents they signed and/or the parol evidence rule.

271.    ASB's obligations under bank privacy laws generally prevented it from discussing one customer's account with another customer.

272.    ASB acted in good faith and is entitled to the good-faith defense to the alleged securities violations (and any other claims where good faith is an affirmative defense).

273.    ASB did not know and in the exercise of reasonable care could not have known of the alleged untruths or omissions that are the subject of this action.  ASB did not know and in the exercise of reasonable care could not have known of the existence of conduct by reason of which the liability is alleged to exist.

274.    Plaintiffs did not reasonably rely on the representations and/or non-disclosures of which they complain.

275.    Certain of plaintiffs' claims are barred by the business judgment rule.

276.    Certain claims are barred by the statute of limitations.

277.    Plaintiffs were aware of the risks and other matters that they claim were not disclosed or misrepresented to them.

278.    Plaintiffs have not pled and cannot prove loss causation.

279.    Plaintiffs have failed to mitigate damages.

280.    An award of punitive damages against ASB would violate the U.S. and Iowa Constitutions.

WHEREFORE, ASB prays for the following relief:

A.    For dismissal of the complaint with prejudice.

B.    For its costs and, if available, attorneys' fees.

C.    For such other relief as the Court deems proper.

<u>JURY DEMAND</u>

ASB demands a jury trial on all issues properly triable thereby.

BELIN LAMSON McCORMICK ZUMBACH
FLYNN, A Professional Corporation

By <u>/s/ Edward M. Mansfield</u>
   Edward M. Mansfield                    PK0015317

The Financial Center
666 Walnut Street Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 243-7100
Telecopier: (515) 243-1408
E-Mail:  emmansfield@belinlaw.com

Mr. Lloyd Bierma
Oostra & Bierma, P.L.C.
32 6th Street Northwest
Sioux Center, IA  51250
Telephone:  (712) 722-2424
Telecopier:  (712) 722-2480

ATTORNEYS FOR DEFENDANT AMERICAN
STATE BANK

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on January 9, 2006 by

☐ U.S. Mail                    ☐ FAX

☐ Hand Delivered          ☒ Electronic Mail

☐ FedEx/ Overnight Carrier  ☐ Other

Terrence D. Brown
Hixson & Brown
1360 121st Street, Suite A
Clive, Iowa  50325

Timothy A. Clausen
Klass Law Firm
4280 Sergeant Road, Suite 290
P.O. Box 327
Sioux City, Iowa  51102

John C. Gray
Heidman, Redmond, Fredregill, Patterson,
Plaza, Dykstra & Prahl, L.L.P.
701 Pierce Street, Suite 200
P.O. Box 3086
Sioux City, Iowa  51102-3086

Robert S. Keith, II
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska  68102

Signature:    Paulette Curiel
_____

d: a0418 01 answer-revised-1-9-06.doc