IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ORVILLE SCHUSTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAL CLEVERINGA, and )<br>AMERICAN STATE BANK, )<br>)<br>Defendants. ) | NO. C-04-4089 MWB<br><br>DEFENDANT CAL CLEVERINGA'S<br>BRIEF IN SUPPORT OF MOTION<br>FOR SUMMARY JUDGMENT<br><br>**HEARING REQUESTED** |

COMES NOW Defendant Cal Cleveringa and pursuant to Fed. R. Civ. P. 56, hereby submits a brief in support of his Motion for Summary Judgment.

## INTRODUCTION

Plaintiff's Third Amended Complaint asserted a plethora of claims against a number of different defendants including Cal Cleveringa and the American State Bank. Orville Schuster, now deceased, settled all of his claims against all defendants other than Cal Cleveringa and the American State Bank. The other plaintiffs have settled and dismissed all of their claims. The remaining claims all originate from the decision of Orville Schuster to invest in a startup Internet company known as "Yournet" and to invest later in the "Witherspoon" affair which promised a short term of a 500/1000 percent rate of return. The causes of action asserted against Cal Cleveringa are as follows:

| | |
|---|---|
| Counts III and XII | Breach of Fiduciary Duty |
| Counts VI and IX | Fraudulent Misrepresentation |

| | |
|---|---|
| Counts XII, XIII and XIV | RICO |
| Count XX | Conversion |
| Counts XXII and XXIV | Federal and State Securities Claims |
| Count IX | Misrepresentation Claims |
| Counts VI and VII | Witherspoon Claims |

All Claims relating to pre-November 2000 investments

## STATEMENT OF THE FACTS

Defendant Cleveringa refers to and adopts the Statement of the Facts set forth by co-defendant American State Bank in its brief in support of its Motion for Summary Judgment.

## SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DEFENDANT CAL CLEVERINGA

(A) Summary judgment should be granted on all claims predicted on a fiduciary relationship because there was no fiduciary relationship between Cal Cleveringa and Orville Schuster.

Defendant Cleveringa joins in and adopts the argument made by American State Bank in III (A) of its brief in support of its Motion for Summary Judgment. American State Bank has certainly argued correctly that there was no fiduciary relationship between Cal Cleveringa and Orville Schuster in part of its defense on this issue. Therefore, rather than repeat the same arguments, they are adopted by Cal Cleveringa. Accordingly, Cal Cleveringa is entitled to summary judgment on Counts III and VII.

(B) Summary judgment should be granted on the negligent misrepresentation claim (Count IX) because Cal Cleveringa was not in the business of providing information and the alleged "misrepresentations" were not actionable in any event.

Defendant Cleveringa joins in and adopts the argument of American State Bank with respect to the claim for negligent misrepresentation set forth in III (B) of its brief. Defendant Cleveringa is entitled to summary judgment on Count IX of plaintiff's Complaint.

(C) Summary judgment should be granted on all RICO claims because there is no evidence of an "enterprise."

Defendant Cleveringa should be granted summary judgment as to Counts XII, XIII and XIV, all of which purport to state a federal RICO claim. Defendant Cleveringa now adopts and joins in the Bank's Motion for Summary Judgment with respect to all RICO claims and adopts the arguments set forth by co-defendant American State Bank in III (D) of the brief provided by American State Bank.

(D) Summary judgment should be granted in favor of Cleveringa with respect to the claim for conversion.

There is no evidence or allegation that Defendant Cleveringa ever converted any of the monies of Orville Schuster to his own use. Accordingly, summary judgment should be granted on Count XX (Conversion) to Defendant Cleveringa on that basis alone. In addition, Defendant Cleveringa adopts and joins in the argument of American State Bank in section III (F) of its Brief in Support of its Motion for Summary Judgment.

(E) The Court should grant summary judgment on both the federal and state securities claims.

Counts XXII and XXIV of the Complaint, which allege securities violations, should be dismissed on summary judgment. Defendant Cleveringa hereby joins in and adopts

3

the arguments made by co-defendant American State Bank in section III (G) of its Brief in Support of its Motion for Summary Judgment.

    (F)    The Court should grant summary judgment on all misrepresentation claims because Schuster cannot establish justifiable reliance.

Again, Defendant Cleveringa joins in and adopts the arguments made by co-defendant American State Bank in section III (H) of the Brief in Support of Motion for Summary Judgment of American State Bank. Accordingly, the Court should dismiss Count IX of plaintiff's Complaint as to Defendant Cleveringa.

    (G)    The Court should grant summary judgment on all fraud claims related to the "Witherspoon" affair because Schuster cannot establish that any statements Cleveringa made about "Witherspoon" were knowingly false.

The Court should grant summary judgment as to Counts VI and VII of plaintiff's Complaint for the reasons set forth by American State Bank in section III (J) of the Brief in Support of Motion for Summary Judgment of American State Bank. To that end, this defendant joins in and adopts the arguments set forth therein.

    (H)    Summary judgment should be granted on all claims relating to pre-November 2000 investments.

Defendant Cleveringa joins in and adopts the arguments made by American State Bank in III (K) its Brief in Support of its Motion for Summary Judgment with respect to any claims relating to pre-November 2000 investments.

## CONCLUSION

WHEREFORE, Defendant Cal Cleveringa prays that his Motion for Summary Judgment as to all Counts be granted and that the Complaint be dismissed with prejudice.

DATED this 1st day of November, 2006.

        HEIDMAN, REDMOND, FREDREGILL,
        PATTERSON, PLAZA, DYKSTRA & PRAHL, L.L.P.


        BY:    /s/_____
             JOHN C. GRAY, AT0002938
             1128 Historic 4th Street
             Sioux City, Iowa 51102
             Telephone: (712) 255-8838
             Facsimile: (712) 258-6714
             John.Gray@Heidmanlaw.com

ATTORNEYS FOR DEFENDANT CAL CLEVERINGA

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing the same in the U.S. Mail, postage prepaid, to their respective mailing addresses disclosed on the pleadings or, in the event the party is represented by counsel, to their counsel; or notice of the filing of this instrument was sent by e-mail, via CM/ECF, to all parties on the service list who have registered to receive service by e-mail over CM/ECF, on November 1, 2006,

    Lloyd Bierma
    Attorney at Law
    32 6th Street NW
    Sioux Center, IA 51250

    Ed Mansfield
    Attorney at Law
    666 Walnut Street, Suite 2000
    Des Moines, IA 50309-3989

    Terrence D. Brown
    Attorney at Law
    1360 121st Street, Suite A
    Clive, IA 50325


            /s/_____
          JOHN C. GRAY